UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

       Plaintiff,

Case No. 1:12-CV-1195

v.

HON. GORDON J. QUIST

CITY OF IONIA, JASON EPPLER,
THOMAS TROY, JENNIFER SKORKA,
BRANDON ANDERSON,

       Defendants.
                                      /

## OPINION

Plaintiff, Gwanjun Kim, sued Defendants, the City of Ionia, Jason Eppler, Troy Thomas,[1] Jennifer Skorka, and Brandon Anderson, in Ionia County Circuit Court on October 9, 2012, alleging a claim under 42 U.S.C. § 1983 and state-law claims based on various Michigan statutes, all of which arise out of a traffic stop by City of Ionia police officers. Defendants removed the case to this Court on October 31, 2012, alleging federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal jurisdiction.

Defendants have filed a Motion for Summary Judgment on all claims, and Kim has responded with his own Motion for Summary Judgment. In addition, Kim has filed a second Motion to Remand and a Motion for Discovery pursuant to Federal Rule of Civil Procedure 56(d).[2] For the reasons set forth below, the Court will grant Defendants' motion, deny Kim's motions, and dismiss Kim's Amended Complaint with prejudice.

---

[1] Incorrectly identified in the caption as Thomas Troy.

[2] The Court denied Kim's first Motion to Remand on December 18, 2012, after concluding that it has federal question jurisdiction over Kim's claims under 42 U.S.C. § 1983. (12/17/12 Order, dkt. # 17.) Also in the December 18, 2012 Order, the Court granted Kim leave to amend. Kim's Amended Complaint added a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Based on its review of the Amended Complaint and Kim's response to Defendant's motion, the Court construes Kim's Title VI claim as asserted only against the City.

## I. FACTS

On March 30, 2012, at approximately 11:30 a.m., Kim was driving a green 1997 Chevrolet pickup truck on Main Street in Ionia. (Am. Compl. ¶ 30, dkt. # 23; 6/16/12 Hr'g Tr. at 4, Defs.' Br. Supp. Mot. Summ. J. Ex. 2, dkt # 35-1.) At that time, Ionia Public Safety Officers Brandon Anderson and Jennifer Skorka were on road patrol and observed Kim's vehicle at the corner of Dexter and Main. (*Id.* at 4–5.) Officer Anderson noticed that the vehicle's license plate sticker was green, which indicated that the registration expired in 2012. The license plate also indicated that it expired in March. (*Id.* at 5.) As a matter of routine, Officer Skorka ran the license plate number through the law enforcement information network (LEIN) using the computer in the patrol car. (*Id.* at 12, 14.) The LEIN inquiry disclosed that the license plate was improper because it belonged to another vehicle and was expired. (*Id.* at 14.) Based on this information, Officer Anderson initiated a traffic stop of Kim's vehicle. (*Id.* at 6.)

Officer Anderson approached the vehicle and asked Kim for his registration and proof of insurance. (*Id.*) Kim provided an expired proof of insurance and a registration for a different vehicle. (*Id.* at 6–7, 15.) Kim told Officer Anderson that he had cancelled the insurance to save money. (*Id.* at 7.) Officer Skorka called Kim's insurance agent to confirm that the insurance had been cancelled, and the insurance agent confirmed that Kim had in fact cancelled the insurance. (*Id.* at 15.) Officer Anderson issued Kim citations for an improper license plate and no insurance. (*Id.* at 7.)

Kim contested the ticket and requested a hearing. A hearing was held on June 18, 2012, during which the prosecutor presented testimony by Officers Anderson and Skorka. Kim did not testify, nor did he present evidence, although he did cross-examine the officers. Kim's primary defenses were that the officers lacked probable cause to stop him and that the officers improperly targeted him, apparently because of his race or national origin. (*Id.* at 9–10, 17, 20, 25–26.) At the

2

conclusion of the hearing, the state judge concluded that the officers had probable cause to stop Kim's vehicle and did not improperly target him. (*Id.* at 21, 27.) Therefore, the court found Kim guilty of the infractions. Kim then filed the instant case against Officers Anderson and Skorka, Director of Public Safety Troy Thomas and City Manager Jason Eppler.

## II. Discussion

**A.     Motion to Remand**

Shortly after Defendants removed the case to this Court on October 31, 2012, Kim filed a Motion to Remand based on lack of jurisdiction. On December 17, 2012, the Court entered an Order denying Kim's motion, concluding that the Court has subject matter jurisdiction on the basis of Kim's § 1983 claims. (Dkt. # 17.)

Kim filed a second Motion to Remand on February 8, 2013. In this motion, Kim argues that the removal was improper because all Defendants did not join in or consent to the removal, *see* 28 U.S.C. § 1446(b)(2)(A), and Defendants failed to attach a copy of "all process, pleadings, and orders served upon such . . . defendants." *See* 28 U.S.C. § 1446(a). Although Defendants admit that they failed to comply with 28 U.S.C. § 1446(a) because they inadvertently included only one of the summonses that had been served at the time of removal, Defendants contend that such oversight was only a minor procedural defect that Kim waived by failing to raise the issue within thirty days of removal.[3]

The "rule of unanimity," which, subject to limited exceptions not applicable here, requires that all defendants consent to the removal, and the requirement that defendants attach to the notice of removal a copy of all process and pleadings served in the state-court proceeding at the time of removal, are both procedural requirements that do not affect a federal court's jurisdiction. *See Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 (11th Cir. 2003) (noting that the failure to attach

---

[3] Defendants also move to amend their notice of removal to attach the omitted summonses. (Defs.' Resp. Opposing Pl.'s Mot. to Remand at 5.) The Court will grant Defendants' motion.

3

"a copy of all process, pleadings, and orders served" as required by § 1446(a) "constitutes a defect in removal procedure within the meaning of § 1447(c)"); *Page v. City of Southfield*, 45 F.3d 128, 129 (6th Cir. 1995) (holding that the district court erred in remanding the case sua sponte because lack of consent by all defendants is a procedural defect not affecting jurisdiction); *Osmose Utils. Servs., Inc. v. Hish*, No. 13-CV-310S, 2013 WL 1625408, at *4 (W.D.N.Y. Apr. 15, 2013) (noting that the requirement to attach a copy of all process, pleadings and orders in § 1446(a) is "a procedural defect and not a jurisdictional one warranting remand"); *Bank of Am. Nat'l Ass'n v. Derisme*, No. 3:10cv900 (MRK), 2010 WL 3211066, at *9 (D. Conn. Aug. 13, 2010) (stating that "other Courts of Appeals and district courts in this Circuit have held that a violation of the rule of unanimity is, like an untimely removal notice, a procedural defect"). In addition, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Procedural defects are deemed waived if not raised within thirty days of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516–17 (6th Cir. 2003).

Kim filed his second Motion to Remand raising procedural defects in the removal well beyond the thirty-day period. Accordingly, Kim has waived any objection to the alleged procedural defects.[4] Therefore, his motion to remand will be denied.[5]

---

[4] Even if Kim had not waived the objection, his argument that all Defendants failed to consent to the removal lacks merit. All Defendants are represented by the same counsel, who filed the notice of removal on behalf of all Defendants. In fact, the prayer for relief in the notice of removal states that "Defendants, City of Ionia, Jason Eppler, Thomas Troy, Jennifer Skorka, and Brandon Anderson, request that they be allowed to effect removal of the within action from the 8th Circuit Court for the County of Ionia, State of Michigan, to the United States District Court for the Western District of Michigan." (Notice of Removal at 5–6, dkt. #1.) Courts have held that the unanimity requirement is met where, as here, counsel representing all defendants files a notice of removal on behalf of all the defendants. *See Hanna v. RFC Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-346-L, 2011 WL 2981855, at *4 (N.D. Tex. July 22, 2011) ("Defendants' counsel, acting on their behalf, filed the Notice of Removal . . . within the requisite thirty-day period. As the signing counsel acted formally on Defendants' behalf, counsel had the authority to consent to the Notice of Removal."); *Esposito v. Home Depot U.S.A., Inc.*, 436 F. Supp. 2d 343, 346–47 (D.R.I. 2006) (holding that any doubt about whether a defendant consented to the removal was "eviscerated" by the joint legal representation of the defendants).

[5] Kim argues in his reply brief that the case should be remanded because Defendants failed to obtain concurrence, as required by Local Rule 7.1(d). Kim's argument lacks merit because Local Rule 7 pertains to motion practice, not notices of removal.

B.     **Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on all of Kim's claims.[6]  Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Material facts are facts which are defined by substantive law and are necessary to apply the law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  A dispute is genuine if a reasonable jury could return judgment for the non-moving party.  *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"  *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

1.     **Section 1983 Claims**

Although Kim alleges a claim under § 1983, he does not specifically identify the constitutional rights he claims Officers Anderson and Skorka violated.  Based on its review of Kim's Amended Complaint, as well as Defendants' summary judgment materials, the Court construes Kim's claims be that Defendants violated the Fourth Amendment because they lacked probable cause to stop his vehicle and violated the Fourteenth Amendment by selectively enforcing Michigan's motor vehicle requirements against Kim on the basis of his race or national origin.  Defendants contend that they are entitled to summary judgment on these claims because they are barred by the doctrine of collateral estoppel, or issue preclusion, and because they fail on the merits.

---

[6]Kim argues that the Court should deny Defendants' motion because they failed to comply with Local Rule 7.1(d) by failing to seek concurrence prior to filing their motion and failing to state the efforts they made to obtain concurrence.  W.D. Mich. LCivR 7.1(d).  Defendants concede that they failed comply with this procedural requirement, but request that the Court excuse their noncompliance in this case. While the Court would normally deny a party's motion without prejudice for noncompliance with Local Rule 7.1(d), the Court concludes that enforcement of the rule under these circumstances would result in a waste of time and judicial resources, as it is abundantly clear that Kim would not have concurred in the requested relief.

Generally, "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Therefore, a federal court must look to the law of the state in which the judgment arose—here Michigan—to determine whether the judgment should be given preclusive effect in a federal action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984).

In Michigan, the doctrine of collateral estoppel, also known as issue preclusion, bars a party in certain instances from relitigating an issue that was determined in a prior proceeding. *See Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999). "A court must apply issue preclusion when 1) the parties in both proceedings are the same or in privity, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated in the first proceeding, 4) that issue was necessary to the judgment, and 5) the party against whom preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue." *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *Michigan v. Gates*, 434 Mich. 146, 154–56, 452 N.W.2d 627, 630–31 (1990)). In addition, under Michigan law, mutuality of estoppel is "not required when collateral estoppel [is] being used defensively." *Gilbert v. Ferry*, 413 F.3d 578, 581 (6th Cir. 2005) (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 681, 677 N.W.2d 843, 844–45 (2004)).

All of elements required to invoke issue preclusion are present in this case. First, Kim was a party in both cases. While Defendants were not parties in the state-court proceeding, mutuality is not required for defensive collateral estoppel. Second, the state-court's order is a valid, binding judgment. Third, the issues Kim raises in this case were actually litigated in the state-court case. As noted, Kim raised lack of probable cause and selective enforcement as defenses to the motor vehicle violations, which are the same issues he raises in this case. Fourth, these issues were necessary to the state-court's judgment because they are central to whether the officers had a lawful

basis to stop Kim. Finally, Kim had a full and fair opportunity to litigate these issues in the state-court hearing. *See Autrey v. Stair*, 512 F. App'x 572, 578–79 (6th Cir. 2013) (holding that collateral estoppel barred the plaintiff from relitigating the issue of probable cause that was decided against the plaintiff in his preliminary examination in the state-court criminal case). Accordingly, Kim's claims under § 1983 are barred by issue preclusion.

Although the Court need not address whether Officers Anderson and Skorka lacked probable cause and selectively enforced the law against Kim on an impermissible basis, the Court will do so briefly simply to note that Kim's claims fail even without the application of issue preclusion. First, as to probable cause to stop Kim, the law is clear that Kim had no expectation of privacy in the information on his license plate and that Officer Skorka's input of that information into the computer for a LEIN search did not constitute a search for Fourth Amendment purposes. *United States v. Ellison*, 462 F.3d 557, 561–63 (6th Cir. 2006). Thus, contrary to Kim's assertion, Defendants did not violate his rights by using his license plate information to run a LEIN search. Moreover, once Defendants learned that the license plate on Kim's truck was not valid, they had sufficient probable cause to stop Kim. *See United States v. Steele*, 353 F. App'x 908, 909 (5th Cir. 2009) (holding that an expired license plate on the defendant's vehicle justified the initial traffic stop by the police); *United States v. Toney*, 124 F. App'x 713, 715 (3d Cir. 2005) ("In this case, Toney was operating a vehicle with an invalid license plate. Because of this traffic violation, Office [sic] Devine was justified in making the initial stop.").

As for Kim's selective enforcement claim, such "claims are judged according to ordinary Equal Protection standards, which require a petitioner to show both a discriminatory purpose and a discriminatory effect." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). A plaintiff may establish selective enforcement by showing that "'the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to

7

punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1137 n.7 (6th Cir. 1995) (quoting *FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992)). Other than Kim's bald allegations, there is no evidence in the record that Officers Anderson and Skorka targeted Kim because of his race or national origin. There is no indication that either of them had any idea who was driving the vehicle until they pulled it over. Accordingly, Kim's selective enforcement claim lacks merit.

Kim's § 1983 claims against Defendants Thomas and Eppler, which are supervisory capacity claims, fail not only because the claims against Officers Anderson and Skorka lack merit, but because Kim fails to present any evidence showing that Thomas or Eppler "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Similarly, Kim's failure to establish a constitutional violation by Officers Anderson and Skorka necessarily means that his municipal liability claim against the City fails as a matter of law. *See Tucker v. City of Richmond*, 388 F.3d 216, 224 (6th Cir. 2004) (stating that "there can be no municipal liability under section 1983 for maintaining a policy of unconstitutionally retaliating against individuals . . . when no such unconstitutional retaliation has actually occurred").

### 2. Title VI Claim Against the City

Kim alleges that the City violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, in connection with the traffic stop. "Title VI prohibits the exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on the ground of race, color, or national origin." *Ross v. Michigan State Univ. Bd. of Trs.*, No. 11-2278, 2012 WL 3240261, at *1 (6th Cir. June 20, 2012) (citing 42 U.S.C. § 2000d). To succeed on his claim, Kim must introduce evidence of intentional discrimination. *Id.* As set forth above, Kim has failed to

present any evidence that discrimination played any part in the officers' decision to stop Kim or ticket him for the violations. Therefore, the City is entitled to summary judgment on this claim.

### 3. State Law Claims

Kim alleges that Defendants violated various Michigan criminal statutes. First, he contends that Defendants violated M.C.L. §§ 750.411h and 750.411i, which pertain to stalking and aggravated stalking, and he seeks relief under M.C.L. § 600.2954, which provides a civil action to any person who has been subjected to stalking. Second, Kim alleges that Defendants violated M.C.L. § 750.539h, which provides civil remedies to victims of unlawful eavesdropping, M.C.L. § 750.539*l*, which prohibits the installation or placement of tracking devices on or in a vehicle without the owner's consent, and M.C.L. § 750.540, which prohibits the cutting, breaking or tapping of telephone lines. Finally, Kim alleges that Defendants violated M.C.L. § 600.2953, which provides a civil action for damages and penalties to a "merchant" who was a victim of retail fraud.

Kim fails to allege any facts that show that Defendants violated any of these statutes. For example, Officers Anderson and Skorka's conduct of following Kim's vehicle does not constitute stalking because stalking requires "a willful course of conduct involving repeated or continuing harassment of another individual." M.C.L. § 750.411h(d). Similarly, Kim fails to allege how Officers Anderson and Skorka engaged in eavesdropping, nor does he allege that they installed a tracking device on his vehicle. Moreover, M.C.L. § 750.539*l* does not apply to "[t]he installation or use of a tracking device by a police officer while lawfully performing his or her duties as a police officer." M.C.L. § 750.539l(2)(g). Kim appears to allege that Officer Skorka eavesdropped or used a telephone without authorization to call his insurance agent, but such an allegation does not align with the evidence. The evidence shows that Officer Skorka used her own phone to call Kim's insurance agent. Kim also fails to cite any case or statute that barred the officers from obtaining or

9

using information from his insurance agent in an investigation. Kim's assertion that the officers violated his rights by calling his insurance agent is simply wrong. Finally, Kim fails to explain how he qualifies as a "merchant" for purposes of the retail fraud statute or how Officers Anderson or Skorka committed retail fraud. Accordingly, Defendants are entitled to summary judgment on Kim's state law claims because they lack merit.

**C.        Kim's Motion for Summary Judgment and Motion for Discovery**

The Court concludes that Kim's Motion for Summary Judgment should be denied for the reasons set forth above. Rather than supporting his motion with admissible evidence as required for a summary judgment motion, *see* Fed. R. Civ. P. 56(c)(1), Kim merely relies on the allegations in his Amended Complaint and statements in his brief. Thus, Kim fails to meet his burdens in opposing Defendants' Motion for Summary Judgment and in supporting his own Motion for Summary Judgment. For similar reasons, the Court will deny Kim's Motion for Discovery. Although Kim cites the proper rule and states that the Court should allow him to conduct discovery, Kim fails to explain how discovery would support his legally insufficient claims.

### III. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment. The Court will deny Kim's Motion to Remand, Motion for Summary Judgment, and Motion for Discovery.

An Order consistent with this Opinion will be entered.


Dated: July 31, 2013                                         /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE